OPINION
PER CURIAM.
Raul German Fares-Penafiel petitions for review of a decision by the Board of Immigration Appeals (“BIA”) dismissing his appeal from an Immigration Judge’s decision denying his motion to reopen his immigration proceedings. For the following reasons, we wall deny the petition for review.
I.
Fares-Penafiel is a native and citizen of Ecuador who entered the United States without inspection in 1994. In 2005, the former Immigration and Naturalization Service (“INS”) issued a notice to appear charging Fares-Penafiel as removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Fares-Penafiel conceded that he was removable as charged but applied for cancellation of removal based on the “exceptional and extremely unusual hardship” that his United States citizen wife would suffer if he was removed. See 8 U.S.C. § 1229b(b)(l). Fares-Penafiel asserted that in 2001 his wife was injured in a serious accident, and although she has sev *710 en grown children, she is completely de-pendant on him for support.
The Immigration Judge (“IJ”) denied Fares-Penafiel’s application for cancellation of removal. In addition to questioning the validity of Fares-PenafieFs marriage, the IJ determined that Fares-Penafiel had not established that his wife would suffer the requisite hardship upon his removal. Fares-Penafiel thereafter filed a timely motion to reopen, claiming that his wife’s condition had seriously deteriorated. The IJ denied the motion, stating that he was unconvinced that the materials Fares-Pe-nafiel submitted established that his wife’s condition had worsened or that her “depression, nervousness, or insomnia” were “beyond the ordinary hardship that would be expected when a close family member leaves this country.” The IJ also noted that Fares-PenafieFs motion did not address the concern regarding the validity of the marriage.
Fares-Penafiel appealed the IJ’s decision to the BIA. The BIA, citing to 8 C.F.R. § 1003.1(d)(3), dismissed the appeal in a one-paragraph decision, stating that it was “not persuaded that the findings of fact in the Immigration Judge’s decision ... were ‘clearly erroneous’ or that the decision was otherwise in error.”
Through counsel, Fares-Penafiel now seeks review of the BIA’s final order of removal.
II.
We exercise jurisdiction over a petition for review pursuant to 8 U.S.C. § 1252(a)(1), and review the denial of a motion to reopen for an abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir.2005). Fares-PenafieFs sole argument is that the BIA improperly streamlined his appeal, see 8 C.F.R. § 1003.1(e)(4), thereby denying him meaningful review of his claim.[1] He asserts that this Court has jurisdiction to review the decision to streamline, and that to do so properly we must review the underlying discretionary decision of the IJ, over which we would not normally have jurisdiction. See 8 U.S.C. § 1252(a)(2)(B) (stating that federal courts do not have jurisdiction to review denials of discretionary relief). However, as the government asserts, the BIA’s decision, while brief, was not an affirmance without opinion issued under the streamlining regulation. Fares-Penaf-ieFs claim is thus meritless.
To the extent that Fares-PenafieFs petition can be read to argue that the BIA’s decision was so lacking in detail as to violate his right to due process, he has not demonstrated that “the BIA did not review the record when it considered the appeal.” See Abdulai v. Ashcroft, 239 F.3d 542, 550 (3d Cir.2001) (internal citation omitted). Further, the BIA’s decision is sufficient to demonstrate that it made an individualized determination of Fares-PenafieFs claim, which is all that it is required to do. See Kamara v. Att’y Gen., 420 F.3d 202, 211-12 (3d Cir.2005).
For the foregoing reasons we deny Fares-PenafieFs petition for review.

. Under 8 C.F.R. § 1003.1(e)(4), one member of the BIA may summarily affirm without opinion certain decisions of the IJ. If this procedure is used, the regulations require the BIA to issue an order that reads as follows:
"The Board affirms, without opinion, the result of the decision below. The decision below is, therefore, the final agency determination." 8 C.F.R. § 1003.1(e)(4)(ii).